JUDGE HARDIN
delivered the opinion oe the court.
In this action, prosecuted against the appellants as sureties in the official bond of J. II. Priest, late sheriff of Henderson County, by the appellees, Milton Warren and Victoria E., his wife, formerly Sheets, to recover her distributive share of the estate of Eliza A. Sheets, deceased, which was committed to the sheriff for administration, under section 17 of the 1st article of chapter 37 of the Revised Statutes, the defendants pleaded that more than five years had elapsed after the accruing of the cause of action, and after said Victoria E. Warren had attained to the age of twenty-one years.
From the admitted facts upon which the cause was tried by the court, by consent without the intervention of a jury, it appears that said estate was committed to the hands of the sheriff in August, 1858; that said Victoria E. was of age in March, 1861, and this suit was commenced in April, 1870, she having been the wife of her co-plaintiff since the year 1857.
The court below seems to have been of the opinion that, notwithstanding the lapse of five years since the cause of action accrued and since Mrs. Warren became of age, the plaintiffs Avere protected by her coverture from the operation of the 13th section of' chapter 97 of the Revised Statutes, in relation to “sureties and co-obligors,” and therefore rendered a judgment for the plaintiffs, from which the defendants have appealed to this court.
The statute referred to expressly discharges the sureties from all liability in a case like this “AAdien five years shall have elapsed AAdthout suit after the accruing of the cause of action, and after the attaining of full age” by the distributee, and contains no saving provision in favor of married Avomen. It is manifest therefore that the action Avas barred unless said section of the statute should be construed in connection with the general limitation enactments of chapter 63 of the Revised Statutes. But while the provisions of section 13 of chapter 97 *635 limit the right of action against a class of sureties, they seem to us also to evince a legislative intention to define the nature and extent of the responsibility to be incurred by the contract of suretyship, and to protect the surety against a continuance of his liability, which under other provisions of the law might otherwise occur. We are of the opinion therefore that the section referred to of chapter 97 is not qualified by the previous chapter concerning limitation of actions, so as to render the savings therein provided in favor of married women applicable in this case.
Wherefore the judgment is reversed, and the cause remanded for a new trial and other proceedings consistent with this opinion.